## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELDON C. ALSOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CV-3026 |
| ) | |
| REPUBLIC SERVICES GROUP OF ) | |
| PENNSYLVANIA, LLL, d/b/a ) | |
| MCCUSKER AND OGBORNE ) | |
| ) | |
| Defendant. ) | |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Republic Services Group of Pennsylvania, Inc., d/b/a McCusker and Ogborne, (hereinafter "McCusker"), hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint").

1. As to the allegations in Paragraph 1, McCusker denies that it has engaged in unlawful employment practices that have harmed the Plaintiff. The remaining allegations of Paragraph 1 are admitted.

2. The allegations in Paragraph 2 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

3. The allegations in Paragraph 3 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

4. McCusker admits the allegations of Paragraph 4.

5. McCusker admits the allegations of Paragraph 5.

6. McCusker denies the allegations of Paragraph 6.

7. As to Paragraph 7 of the Complaint, McCusker incorporates by reference Paragraphs 1 through 6 of this Answer as though fully set forth herein.

8. McCusker admits the allegations of Paragraph 8.

9. As to the allegations in Paragraph 9, McCusker admits that Plaintiff held the position of Driver during the course of his employment. The remaining allegations in Paragraph 9 are denied.

10. The allegations in Paragraph 10 call for a legal conclusion to which no response is required. To the extent a response is required, McCusker denies the allegations in Paragraph 10.

11. McCusker denies the allegations in Paragraph 11.

12. McCusker denies the allegations in Paragraph 12.

13. McCusker denies the allegations in Paragraph 13.

14. McCusker denies the allegations in Paragraph 14.

15. McCusker denies the allegations in Paragraph 15.

16. The allegations in Paragraph 16 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

17. McCusker denies the allegations in Paragraph 17.

18. McCusker denies the allegations in Paragraph 18.

19. As to Paragraph 19 of the Complaint, McCusker incorporates by reference Paragraphs 1 through 18 of this Answer as though fully set forth herein.

20. The allegations in Paragraph 20 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

21. The allegations in Paragraph 21 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

22. The allegations in Paragraph 22 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

23. As to Paragraph 23 of the Complaint, McCusker incorporates by reference Paragraphs 1 through 22 of this Answer as though fully set forth herein.

24. McCusker denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

26. The allegations in Paragraph 26 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

27. The allegations in Paragraph 27 call for a legal conclusion to which no response is required. To the extent that a response is required, McCusker denies such allegations.

28. As to the allegations contained in Paragraphs (a) through (f) of Plaintiff's Prayer for Relief, McCusker asserts that a prayer for relief is not a pleading to which a response is due. However, to the extent that a response is required, McCusker denies that Plaintiff is entitled to have this Court enter Judgment in his favor, denies that Plaintiff is entitled to any of the legal or equitable relief prayed for, and further denies that Plaintiff is entitled to any other form of relief whatsoever.

29. As to Plaintiff's Jury Demand, a jury demand is not a pleading to which a response is due. However, to the extent that a response is required, McCusker admits that Plaintiff has demanded a jury trial.

30. With respect to all allegations of the Complaint not heretofore specifically admitted, McCusker denies those allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

McCusker's conduct towards the Plaintiff was not willful and deliberate.

                Respectfully submitted,
                Segal McCambridge Singer & Mahoney, Ltd.


By_____
                Walter H. Swayze, III, Esquire
                Theodore C. Flowers, Esquire
                1515 Market Street, Suite 1720
                Philadelphia, PA  19102
                Phone  (215) 972-8015
                Fax     (215) 972-8016
                Attorneys for Defendant,
                Republic Services Group of Pennsylvania, Inc.,d/b/a
                McCusker and Ogborne


DATED: _____

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer to Complaint and Affirmative Defenses was mailed first-class, postage prepaid, this ____ day of June 2002 to:

>Sidney L. Gold, Esquire
>Lovitz & Gold, P.C.
>515 Eleven Penn Center
>Philadelphia, PA  19103
>*Counsel for Plaintiff*

_____
Theodore C. Flowers

Date:_____

0829995.01